PER CURIAM.
This cause is before the court on interlocutory appeal to review an amended final decree entered in the trial court after the going down of the mandate of this court in Florida Accountants Association v. Dandelake, Fla.1957, 98 So.2d 323. The purpose of the suit, filed by the appellants Dandelake et als. as members of the State Board of Accountancy, was to enjoin certain actions on the part of the appellees alleged to be in violation of the Florida Accountancy Act, Ch. 473, Fla.Stat.1955, F.S.A.
In the brief filed here in support of the interlocutory appeal it has been called to the attention of this court, for the first *47 time, that § 473.29, Fla.Stat.1955, was amended by Ch. 57-273, Acts of 1957, F.S. A., on the day preceding the filing of this court’s decision in the cause, in respects now claimed to he material to this court’s decision. No explanation is vouchsafed by the appellants for their failure to apprise the court of his amendatory Act during the considerable period of time that the cause was pending in this court on petition for rehearing.
In all the circumstances here, we think the learned Chancellor was eminently correct in entering the amended final decree pursuant to the mandate of this court, as he did, and we emphasize that no error can be attributed to him in so doing. In view, however, of the fact that the amend-atory Act, Ch. 57-273, Acts of 1957, was considered neither by this court nor by the trial court in the interpretation of the Florida Accountancy Act, and that a public as distinguished from a private right is involved, see Holen v. Minneapolis-St. Paul Metropolitan Airports Commission, 1957, 250 Minn. 130, 84 N.W.2d 282, and authorities cited, we have concluded that the public interest requires that the amended final decree be re-opened and vacated and the cause remanded to the lower court for further consideration of the issues therein made in the light of the 1957 amendatory Act and the former decision of this court resolving such issues, 98 So.2d 323, and for a determination of the impact, if any, of the 1957 amendatory Act on such issues as resolved by this court in its former decision, after such amendments to the pleadings and such further testimony as to the parties may seem advisable. Cf. Mayo v. Florida Grapefruit Growers Protective Ass’n, 1936, 123 Fla. 277, 166 So. 554.
Decree appealed from reopened and vacated without prejudice, and cause remanded for further appropriate proceedings.
TERRELL, C. J., and THOMAS, HOB-SON, ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.